IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM L. BREEDEN,** | : | CIVIL ACTION NO. 1:21-CV-496 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SGT. REIHART,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983 in which plaintiff William Breeden, a prisoner in the State Correctional Institution-Huntingdon ("SCI-Huntingdon"), alleges that defendant Sgt. Reihart impermissibly entered his cell and took several items of his personal property. The case is presently before the court on plaintiff's motion to compel discovery. We will grant the motion in part and deny it in part.

**I.    Factual Background & Procedural History**

Breeden initiated this case through the filing of a complaint on March 19, 2021. (Doc. 1). The complaint alleges that on September 5, 2020 at approximately 4:50 p.m., Breeden and his cellmate exited their cell and headed to the prison's chow hall for dinner. (Id. at 3). While they were out of the cell, defendant Reihart allegedly entered the cell and took several documents from Breeden's files of legal documents, including some discovery material from his underlying criminal case as well as a photo of an eyewitness from the case. (Id.) The complaint names Reihart

as a defendant along with several supervisory defendants and seeks monetary and injunctive relief. (Id. at 3-4).

On April 12, 2021, we dismissed all defendants other than Reihart for Breeden's failure to allege their personal involvement in the alleged civil rights violations and directed that Reihart be served with process. (Doc. 8). Reihart answered the complaint on May 28, 2021. (Doc. 13). Breeden filed the instant motion to compel discovery on December 30, 2021. (Doc. 22). The motion is fully briefed and ripe for disposition. (Docs. 23, 26-27).

## II. <u>Legal Standard</u>

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. <u>Goodman v. Wagner</u>, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

"[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

### III. Discussion

Breeden's motion to compel seeks to compel production of (1) copies of any incident reports dated September 5, 2020 issued by Reihart; (2) copies of reports filed on September 5, 2020 by Reihart; (3) any filing of confiscated items receipts by Reihart; (4) any witness statements or information pertaining to the events involving plaintiff on September 5, 2020; and (5) any and all grievance complaints filed against Reihart for unlawful entry of inmates' cells from January 2016 to the present. (See Doc. 23 at 3). All five requests were included in Breeden's October 31, 2021 request for production of documents.[1] (See id. at 1; Doc. 27-1 at 2-4).

---

[1] Breeden made six other requests for production of documents in his October 31, 2021 request, but he has not sought to compel discovery with respect to those requests in his motion to compel. (See Docs. 22-23). Breeden raises arguments with respect to these six other requests in his reply brief, but we will disregard these arguments. Arguments may not be raised for the first time in a reply brief. Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC, No. 1:21-CV-658, 2021 WL 1740582, at *4 (M.D. Pa. May 3, 2021) (citing Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown, 328 F. Supp. 2d 522, 529 (M.D. Pa. 2004)).

Reihart responded to the request for production of documents on December 30, 2021. (See Doc. 27-1). With respect to the first four requests, Reihart stated that after a reasonable search, she was not aware of the existence of any documents that were responsive to the requests. (Id. at 2-3). With respect to the fifth request, Reihart objected that the request "was overly broad and unduly burdensome[,] . . . not relevant to the Plaintiff's claims and not proportional to the needs of the case." (Id. at 4). She additionally objected that "inmates are not permitted to access records related to other inmates." (Id.) She did not cite any Department of Corrections rules or any other law to support this statement.

Reihart filed a brief in opposition to the motion to compel discovery on January 11, 2022. (Doc. 26). Reihart does not respond to the substance of Breeden's motion and instead asserts that the motion is moot because Reihart responded to Breeden's request for production of documents. (Id.)

Breeden notes in his reply brief that Reihart was required to complete a confiscated items receipt if she took items out of his cell and asks the court to "direct and/or order, the defendant to produce the aforementioned discovery, or, if no such exists, provide appropriate response as to why such were not issued." (Doc. 27 at 2). He additionally argues that the court should reject Reihart's objections to his fifth request for production because the objections are simply boilerplate objections that Reihart has not adequately supported or proven. (Id. at 3-4).

We first address Reihart's argument that the motion to compel discovery should be denied as moot. We reject this argument. Breeden's motion seeks to compel Reihart to produce the requested documents and not simply to respond to

4

the request for production of documents. Thus, the motion is not mooted by the fact that Reihart responded to the request for production of documents.

Turning to the substance of Breeden's motion, we find that Reihart has met her discovery obligations with respect to Breeden's first four requests. Reihart states that after a reasonable search she is not aware of any documents that are responsive to the requests. (Doc. 27-1 at 2-3). Breeden argues that DOC policy required Reihart to create a confiscated items receipt, but he acknowledges the possibility that no discovery exists with respect to his first four requests. (Doc. 27 at 2). We therefore find no reasonable basis to doubt Reihart's statement that there are no documents responsive to the first four requests.

We find, however, that Breeden is entitled to partial discovery with respect to his fifth request, which seeks to compel Reihart to produce any and all grievance complaints filed against Reihart for unlawful entry of inmates' cells from January 2016 to the present. These documents are plainly relevant to Breeden's claim that Reihart unlawfully entered his cell, and though Reihart has objected that the request is overly broad, unduly burdensome, not relevant, not proportional to the needs of the case, and improper because it requests records related to other inmates, she has not provided any factual or legal support for these objections in her response to the request for production of documents or in her brief in opposition to the motion to compel. She has therefore not provided a sufficient basis for withholding relevant discovery from Breeden, as boilerplate objections unsupported by specific arguments are not sufficient for nonmoving parties to rebut the moving party's initial showing of relevance. See e.g., Ceuric v. Tier One, LLC,

5

325 F.R.D. 558, 561 (W.D. Pa. 2018); Justiano v. GVS Secure Solutions, Inc., 291 F.R.D. 80, 85 n.5 (D.N.J. 2013).  However, we will not compel the production of over 6 years of grievance complaints as such production is disproportionate to the claims and overly broad.  Instead, Reihart shall be compelled to provide any such grievance complaints for calendar years 2017 through 2020.

## IV.  Conclusion

We will grant in part and deny in part Breeden's motion to compel discovery. Reihart will be compelled to produce documents responsive to Breeden's October 31, 2021 request for "[a]ny and all, originals, copies of, DC-ADM 804, Inmate Grievance Complaints filed against Defendant Reihart for any unlawful or illegal entry of Inmate Cells, and, the confiscation of personal property, or, items of inmates' from January [2017 through December 2020]."  (See Doc. 27-1 at 4 (errors in original)).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   February 17, 2022